IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESLIE R. H., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:21-cv-3211-BN |
| KILOLO KIJAKAZI, Acting | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Leslie R. H. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is affirmed.

### **Background**

Plaintiff alleges that she is disabled due to a variety of ailments. After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on January 27, 2021. *See* Dkt. No. 14-1 at 55-79 (Administrative Record ("AR") at 49-73). At the time of the hearing, Plaintiff was forty-eight years old. She has a high school education, attended college for two years, has an associate's degree, and has past work experience as a nursing aide. Plaintiff has not engaged in substantial gainful activity since January 23, 2019.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See* Dkt. No. 14-1 at 34-49 (AR at 28-43) (ALJ Decision). Although the medical evidence established that Plaintiff suffered from degenerative disc disease of the lumbar and cervical spine, osteoarthritis, left shoulder impingement with labral tear with tendinosis, left wrist carpal tunnel syndrome, obesity, and a depressive disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.

The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range sedentary work but could not return to her past relevant employment.

Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as an optical assembler, a document preparer, or a fabrication table worker – jobs that exist in significant numbers in the national economy.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court.

In a single ground for relief, Plaintiff contends that the hearing decision is not supported by substantial evidence and results from reversible legal error.

More particularly, Plaintiff argues that the ALJ based her mental residual functional capacity assessment and Plaintiff's reaching and manipulative limitations on the ALJ's lay interpretation of the objective medical data and the ALJ's own opinion, rather than that of a medical expert.

The Court determines that the hearing decision is affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage

in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1)

objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

In Plaintiff's single issue, Plaintiff asserts that an ALJ may not rely on her own unsupported opinion as to the limitations presented by a claimant's medical conditions, that here the ALJ did not identify any assessment from a medical expert that was the basis for her determination of Plaintiff's mental RFC and reaching/manipulative limitations, and that the ALJ's RFC assessment is not

supported by substantial evidence where it is based upon the ALJ's lay interpretation of the objective medical data and her own opinion.

As the Fifth Circuit has explained, for "claims filed after March 27, 2017," "ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated by federal regulations and our caselaw in the past," and "an ALJ instead considers a list of factors in determining what weight, if any, to give a medical opinion." *Webster v. Kijakazi*, 19 F.4th 715, 718-19 (5th Cir. 2021) (cleaned up).

Relying on *Ripley v. Chater*, Plaintiff asserts the ALJ's RFC determination is not supported by substantial evidence because, in determining the effect of such on Plaintiff's RFC, the ALJ did not identify any medical assessment of record that provided a basis for her mental RFC finding or her findings on Plaintiff's limitations in reaching, handling, and fingering. *See* 67 F.3d 552, 557 (5th Cir. 1995). While *Ripley* remains precedential, it was decided under regulations applying to claims filed before March 27, 2017, which are no longer applicable to the Commissioner's disability determinations. *See Vasquez v. Comm'r of Social Security*, No. 7:21-cv-28-O-BP, 2022 WL 2975471, at *4 (N.D. Tex. June 30, 2022) (analyzing application of *Ripley* under the prior and revised regulations).

Plaintiff's claim was filed on January 16, 2020. For claims filed after March 27, 2017, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ... including those from your medical sources." 20 C.F.R. § 404.1520c. Instead, an ALJ considers a list of factors in

determining what weight, if any, to give a medical opinion. *See id.* "The most important factors in determining the persuasiveness of a medical source are whether the source's medical opinion is based on "objective medical evidence and supporting explanations" and the "consistency" of the source's opinion with the evidence from other medical and nonmedical sources in the claim." *Webster v. Kijakazi*, 19 F.4th 715, 719 (quoting 20 C.F.R. § 404.1520c).

"The determination of residual functional capacity is the sole responsibility of the ALJ" and she may "properly interpret medical evidence to determine [the claimant's] capacity for work." *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012). The ALJ's RFC assessment is not a medical opinion. *See Joseph-Jack v. Barnhart*, 80 F. App'x 317, 318 (5th Cir. 2003). Unlike medical providers and medical consultants, the ALJ considers additional evidence including the claimant's statements and testimony concerning his symptoms, his activities of daily living, the frequency and intensity of pain, the effects of medication, as well as all other medical evidence and opinion statements in the record. *See* 20 C.F.R. § 404.1529.

And, under the regulations applicable here, "'[t]here is no requirement that an ALJ's RFC finding must mirror or match a medical opinion.'" *Robert D.D. v. Kijakazi*, No. 3:21-cv-3164-C-BN, 2022 WL 16935248, at *4 (N.D. Tex. Oct. 31, 2022) (quoting *Carson v. Comm'r of Social Security*, Civil Action 6:21cv12, 2022 WL 2525438, at *7 (E.D. Tex. May 25, 2022)), *rep. & rec. adopted*, 2022 WL 16927799 (N.D. Tex. Nov. 14, 2022); *see also Collins v. Comm'r, SSA*, 4:20-CV-00769-SDJ-CAN, 2022 WL 4494122, at *5 (E.D. Tex. Aug. 30, 2022) (holding RFC finding was supported by

substantial evidence where the ALJ fully reviewed the record, recognized claimant had more limitations than assessed by non-examining consultants, and accommodated these additional limitations in the RFC finding); *Myers v. Saul*, SA-20-CV-00445-XR, 2021 WL 4925993, at *8 (W.D. Tex. Sept. 3, 2021) ("[T]the ALJ is not required to have a medical opinion that matches his RFC determination.").

But substantial evidence still must support the ALJ's RFC findings.

Here, the Commissioner persuasively points to medical evidence in the record that supports the RFC findings.

In reply, Plaintiff insists that the Court should reverse because the ALJ relied on her own interpretation of the medical record and testimonial evidence to determine Plaintiff's RFC limitations.

But the ALJ is permitted to do so, and Plaintiff's pointing to decisions governed by the regulations applicable to claims filed before March 27, 2017 does not change that, as explained above.

And, for the reasons that the Commissioner persuasively lays out in her brief, the undersigned finds the ALJ applied the correct legal standards and reached RFC findings supported by substantial evidence. The ALJ cited adequate medical evidence in support of her findings that Plaintiff retained the mental residual capacity for performing simple, routine tasks and simple decision-making in an environment that involves few, if any, workplace changes, interacting with the public occasionally, and of her RFC limitations limiting Plaintiff's overhead reaching to occasional and limiting reaching in other directions, handling, and fingering to frequent.

**Conclusion**

The hearing decision is affirmed.

SO ORDERED.

DATED: November 21, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE